### MISSOURI PAC. R. CORPORATION IN NEBRASKA v. SOUTH.

(Circuit Court of Appeals, Eighth Circuit. May 19, 1924.)

No. 6442.

Railroads ⬡➡400(5)—Negligence as to traveler on highway held question for jury.

Evidence of negligence of a railroad company in permitting coal to be piled so high in a tender that pieces fell off when the train was passing over a trestle, and fell upon and injured plaintiff's testator, who was driving on the highway beneath, *held* sufficient to raise issue for jury.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action at law by Ina South, executrix of the will of George R. South, deceased, against the Missouri Pacific Railroad Corporation in Nebraska. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles F. McLaughlin, of Omaha, Neb. (Edward J. White, of St. Louis, Mo., and J. A. C. Kennedy, of Omaha, Neb., on the brief), for plaintiff in error.

J. J. Halligan, of North Platte, Neb. (T. J. Doyle and P. R. Halligan, both of Lincoln, Neb., and W. G. Kieck, of Plattsmouth, Neb., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and BOOTH and SYMES, District Judges.

SYMES, District Judge. In this case the husband of defendant in error, plaintiff below, deceased, was injured on July 5, 1921, while driving an automobile on a public highway in Cass county, Neb., over which the railroad company operated its trains on an open overhead trestle. The deceased was driving the car with his wife at his side, and followed the road down under the trestle at the same time a train

⬡➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

crossed overhead. It is alleged that a piece of coal fell off the tender of the engine and struck plaintiff on the back of the head, producing painful and permanent injuries, for which recovery is sought.

The facts and testimony cover a wide range, but the court, in charging the jury, stated there was only one charge of negligence to be considered, to wit, that the tender of the engine at the time of the accident was negligently loaded with coal to a height greater than could be safely carried, and by reason thereof a large lump of coal fell or was jostled off the tender by the motion of the engine, and hit deceased as aforesaid. The court also said that there was no contributory negligence. No exceptions were taken to the charge.

Plaintiff in error claims that the allegation of negligence is not supported by competent testimony, or even by a scintilla of evidence. That the trial court erred in overruling its motion for a directed verdict in its favor, made at the conclusion of the plaintiff's case, and renewed at the close of the testimony. Therefore, if there is some competent evidence to support the verdict of the jury in favor of the plaintiff below, the judgment should be affirmed.

The testimony of the plaintiff, wife of the decedent, is the only direct evidence of the accident. She describes in great detail how she and her husband, the latter driving, approached and went under the trestle that crossed the public highway; that the train approached from the left; that she noticed the coal piled high on the tender above the side, or flange, that was designed to keep it from falling over the sides, which it would undoubtedly do, if piled too high. She swears that she actually saw three or four pieces of coal roll down, evidently shaken off and thrown outward, thus clearing the side of the tender and the open, unguarded trestlework, and strike her husband on the back of the head, causing him to fall over, and necessitating her stopping the car. This much of her evidence is not directly corroborated.

She then tells how they drove on to their destination, the home of a friend, Minnie Reike, who got in the car and drove with them back 13 miles to their home; that during this time her husband did not speak, lay huddled in the bottom of the car, and had attacks of vomiting. This part of her story is corroborated by the evidence of Minnie Reike, who states that Mrs. South, on arrival at her home, said her husband had been hurt, and for her to hurry, so they could get to a doctor. She also describes his condition, and how, when they arrived at home, they helped him into the house and called a doctor.

The medical evidence is sufficient to sustain the finding that the deceased had suffered a severe blow on the head of some kind, and that, although he was an invalid at the time, this accident contributed greatly to his impaired physical condition, that continued until he died some time later.

The testimony of the defendant is indirect, except that of two witnesses, who lived near the place of the accident. They state that their house was so located that they could see the road as it went under the track. They both testified that, while eating breakfast on the day of the accident, they observed the car with the plaintiff and her husband go under the track as claimed, but that as far as they could see no train

passed at the time, no accident happened, the car did not stop, and they drove on by in the ordinary way.

The rest of the defendant's evidence is to the effect that it would have been impossible for any coal to fall off the engine as claimed by the plaintiff, because the tender was not overloaded; that enough coal would be consumed between the last point where it was loaded and the trestle to prevent any coal remaining piled up high as plaintiff testified —granting that the tender had been overloaded at the start. This evidence is general and negative as to the condition of the engine on the particular trip in question. The engineer and fireman testified they could not remember anything as to conditions on the day of the accident, and admit, if coal was loaded to a height greater than the flange, there was nothing to keep it from falling out; that often coal is so piled up, and it is not unusual for it to fall off, even after the train is in motion. The engineer testified that the coal is not carefully measured, and is always loaded to a point higher than the highest point on the flange, and that the excess often rolls over the side; that a man is employed to pick up coal that spills from engines. He has also seen coal fall off, due to the motion of the trains.

This recital shows that the verdict was based on competent and conflicting evidence, and therefore cannot be set aside.

Judgment affirmed.